# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| AMERICAN CHEMICAL SOCIETY,<br><br>　Plaintiff,<br><br>v.<br><br>SCI-HUB d/b/a WWW.SCI-HUB.CC,<br>JOHN DOEs 1-99,<br><br>　Defendants. | No. 1:17-cv-00726-LMB-JFA |

## PLAINTIFF'S RESPONSE TO MOTION FOR LEAVE
## TO FILE BRIEF OF AMICUS CURIAE

Plaintiff American Chemical Society ("Plaintiff" or "ACS"), by counsel, submits this response to the motion of The Computer & Communications Industry Association ("CCIA") for leave to file a brief as *amicus curiae* (ECF No. 25) (the "Motion for Leave") and CCIA's proposed brief as *amicus curiae* (ECF No. 25-1) (the "Amicus Brief").

As set forth below, there is no need (or indeed a valid basis) for *amicus* participation in this case involving the undisputed intellectual property infringement by Sci-Hub on a massive scale. The injunction order recommended by the Report and Recommendation is necessarily limited by the scope of Fed. R. Civ. P. 65, which appears to be the sole purpose of CCIA's proposed Amicus Brief. In any event, any potential future dispute regarding efforts to enforce the injunction should be resolved on specific facts in response to a motion for contempt, not through an *amici's* request for an advisory ruling in the absence of an actual case or controversy.

## I. THERE IS NO VALID BASIS FOR CCIA TO PARTICIPATE AT THIS STAGE OF THE PROCEEDING.

As this Court has recognized, there is no Federal Rule that applies to motions for leave to

appear as *amicus curiae* in a federal district court. *See BMG Rights Management (US) LLC v. Cox Communications, Inc.*, No. 14-cv-1611 (ECF No. 497) (E.D. Va. Oct. 27, 2015) (denying motion for leave to file *amicus curiae* brief). District courts, however, look to Rule 29 of the Federal Rules of Appellate Procedure for guidance regarding whether to allow a non-party to participate as an *amicus curiae*. *See Am. Humanist Ass'n v. Md.-Nat'l Capital Park & Planning Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014); *Guiliani v. Duke Univ.*, No. 1:08CV502, 2010 WL 1292321, at *4 (M.D.N.C. Mar. 30, 2010). That rule indicates that proposed *amici* should state "the reason why an *amicus* brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(b)(2). "An amicus cannot initiate, create, extend, or enlarge issues." Wyatt by and through Rawlins *v. Hanan,* 868 F.Supp. 1356, 1358–59 (M.D. Ala. 1994).

Here, CCIA raises a theoretical concern regarding potential future enforcement of the proposed injunction that is not relevant to the disposition of this case. *See Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 15-16 (1945) (refusing to narrow administrative cease and desist order because "[n]o one can be punished for contempt because of these words until after a judicial hearing, in which their operation could be determined on a concrete set of facts"). Moreover, grant of the Motion for Leave would improperly permit *non-party* CCIA to create issues not raised by any *party* at a time when the rule explicitly limits participation to parties. *See* Fed. R. Civ. P. 72(b)(2) ("[w]ithin 14 days after being served with a copy of the recommended disposition, **a party** may serve and file specific written objections to the proposed findings and recommendations.") (emphasis added).

## II. THE PROPOSED INJUNCTION IS PROPERLY LIMITED BY THE SCOPE OF RULE 65 AND COMPORTS WITH DUE PROCESS.

Even if the Court were to consider the Amicus Brief, it should conclude that the proposed

injunction is properly limited by Rule 65.  CCIA takes issue with a single clause in the Report and Recommendation, which recommends:

> that it be ordered that any person or entity in privity with Sci-Hub and with notice of the injunction, including any Internet search engines, web hosting and Internet service providers, domain name registrars, and domain name registries, cease facilitating access to any or all domain names and websites through which Sci-Hub engages in unlawful access to, use, reproduction, and distribution of the ACS's trademarks or copyrighted works.

ECF No. 22 at 14-15.

There is a fundamental inconsistency in CCIA's arguments that, on one hand, the proposed injunction is impermissibly broad and/or vague and, on the other, it does not apply to the *amici*.  The proposed order falls within the scope of an injunction permitted by Fed. R. Civ. P. 65 because the term "in privity with" is a proxy for, and narrowed then, by Rule 65's "active concert or participation" restriction.  *See* Fed. R. Civ, P 65(d)(2).  In *Regal Knitwear*—cited by CCIA—the Supreme Court recognized that Rule 65's reference to parties in "active concert or participation" with the enjoined party "is derived from the commonlaw doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, ***in 'privity' with them***, represented by them or subject to their control."  324 U.S. at 14 (1945) (emphasis added).  As the Fourth Circuit has explained, "[t]he plain language of the rule establishes the principle that a court, in the exercise of its equitable powers, may hold in contempt those who act in concert with named parties to frustrate an injunctive decree or to avoid compliance with it." *Equal Employ't Opportunity Comm'n v. Int'l Longshoremen's Ass'n*, 541 F.2d 1062, 1063–64 (4th Cir. 1976); *see also K.C. ex rel. Africa H. v. Shipman*, 716 F.3d 107, 115 (4th Cir. 2013) ("As the Supreme Court has explained, the purpose of this rule is to prevent defendants from 'nullify[ing] a decree by carrying out prohibited acts through aiders and abettors.'" (citing *Regal Knitwaear*, 324 U.S. at 14).

Here, the text of the proposed injunction expressly limits its applicability to non-parties who are "in privity with Defendant Sci-Hub." As *Regal Knitwear* explained, the "privity" requirement is a subset of "active concert or participation" requirement in Rule 65.[1] Thus, the express language of the proposed injunction falls within the scope of Rule 65 and comports with due process. *See United States v. Wilson*, 908 F.2d 968, at *2 (4th Cir. 1990) (unpublished table decision) (recognizing that "Rule 65(d) embodies the fundamental due process requirement of notice"). The proposed injunction is subject to Rule 65 and limited to (i) the identified categories of third parties, (ii) in privity with the defendant, (iii) with knowledge of the injunction, and (iv) who are "facilitating access to any or all domain names and websites through which Defendant Sci-Hub engages in unlawful access, use, reproduction, and distribution of the ACS Marks or ACS's Copyrighted Works."[2]

---

[1] Curiously, CCIA's proposed modification to the Report and Recommendation language would seem to result in a broader injunction. Nonetheless, to the extent the Court prefers to track the exact language of Rule 65, Plaintiff would not oppose substituting "active concert or participation" for "privity" in the clause at issue.

[2] Other federal district courts have adopted far broader interpretations of the "active concert or participation" requirement. *See, e.g.*, *Michael Kors, L.L.C. v. Wang*, No. 15-CV-124, 2015 WL 12683830, at *2 (N.D. Ill. Feb. 18, 2015) (requiring those "in privity with Defendants and with actual notice of this Order, including any online marketplaces such as iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, 'Alibaba'), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars" to cease providing services to the defendants and to prevent links to the defendant domain names from displaying); *Oakley, Inc. v. The Partnerships*, No. 14-CV-7714, 2014 WL 12573678, at *2 (N.D. Ill. Oct. 30, 2014) (requiring "[t]hose in privity with Defendants and with actual notice of this Order, including any online marketplaces such as iOffer, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars" to take the same actions as in the prior case); *Bulgari, S.p.A. v. Partnerships & Unincorporated Associations Identified on Schedule 'A,'*, No. 14 CV 4819, 2014 WL 3765854, at *3 (N.D. Ill. July 29, 2014) (requiring "[t]hose in privity with Defendants and with actual notice of this Order, including any online marketplaces such as iOffer, social media platforms such as Facebook, YouTube, LinkedIn and Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, domain name registrars and domain name registries" to take the same actions); *N. Atl. Operating Co., Inc. v. Babenko*, No. 15-14013, 2015 WL 13542566, at *8 (E.D. Mich. Nov. 19, 2015) (requiring "any third party in privity with or providing services to any of the Defendants, or in connection with any of Defendants' online merchant accounts or related financial accounts, including, but not limited to, eBay, Inc.[], Facebook, Inc. [], internet service providers, web hosts, sponsored search engine or ad-word providers, PayPal, Inc.[], Alibaba.com [], Western Union Holdings, Inc. [], banks, and other payment processing service providers" to freeze financial accounts, disable and cease displaying advertisements for defendants, and prevent links to certain accounts from displaying in search results).

Finally, CCIA grossly overstates the scope of the DMCA in arguing that provisions addressing remedies against service providers as copyright infringement defendants somehow preempt the injunctive relief being sought by Plaintiff in this case under the Trademark Act and the Copyright Act.  Not only does the DMCA not apply to trademark claims, but Plaintiff does not contend that any service providers are, themselves, infringing upon ACS's trademarks or copyrights.  Rather, Plaintiff is merely seeking a remedy for Sci-Hub's infringement.  Accordingly, the DMCA provision addressing injunctions against defendant service providers is irrelevant to the relief recommended by the Report and Recommendation.

## III.     CONCLUSION

For the foregoing reasons, the Court should adopt Magistrate Judge Anderson's Report and Recommendation.  In the event that the Court finds the term "privity" to be overly broad, notwithstanding Supreme Court's finding in *Regal Knitwear Co.* that serves as the origin for the current language in Rule 65, the Court should substitute the phrase "active participation and concert" for "privity" in Plaintiff's proposed order.

Dated: October 18, 2017     By:     /s/ Attison L. Barnes. III /s/
　　　　　　　　　　　　　　　　　Attison L. Barnes, III (VA Bar No. 30458)
　　　　　　　　　　　　　　　　　David E. Weslow (*pro hac vice*)
　　　　　　　　　　　　　　　　　Matthew J. Gardner (for *pro hac vice*)
　　　　　　　　　　　　　　　　　WILEY REIN LLP
　　　　　　　　　　　　　　　　　1776 K St. NW
　　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　　(202) 719-7000 (phone)
　　　　　　　　　　　　　　　　　abarnes@wileyrein.com
　　　　　　　　　　　　　　　　　dweslow@wileyrein.com
　　　　　　　　　　　　　　　　　mgardner@wileyrein.com

　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　*American Chemical Society*

## CERTIFICATE OF SERVICE

I, Attison L. Barnes, III, hereby certify that on October 18, 2017, I electronically filed the foregoing by using the CM/ECF system, which will cause a copy to be served on counsel for the proposed amicus. I also sent a copy to the following postal and email addresses associated with Defendant Sci-Hub:

Zhuhai Yingxun Keji Limited
Zhuhai 5190000 (CN)

service@todaynic.com
admin@sci-hub.io
support@sci-hub.org
sci-hub.org@gmail.com
5438063a3qami6zo@5225b4d0pi3627q9.whoisprivacycorp.com

    /s/ Attison L. Barnes, III /s/
Attison L. Barnes, III, Esq.
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wileyrein.com

*Counsel for Plaintiff*
*American Chemical Society*