UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

AMERICAN CHEMICAL SOCIETY, Plaintiff,

vs.

JOHN DOES 1-99 and SCI-HUB, Defendants.

Civil Action No. 1:17cv726

Alexandria, Virginia
November 3, 2017
10:00 a.m.

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE LEONIE M. BRINKEMA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFF: ATTISON L. BARNES, III, ESQ.
DAVID E. WESLOW, ESQ.
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006

FOR CCIA: BRIAN M. WILLEN, ESQ.
Wilson Sonsini Goodrich & Rosati PC
1301 Avenue of the Americas
40th Floor
New York, NY 10019
and
ADAM W. BURROWBRIDGE, ESQ.
Wilson Sonsini Goodrich & Rosati PC
1700 K Street, N.W., Suite 500
Washington, D.C. 20007

OFFICIAL COURT REPORTER: ANNELIESE J. THOMSON, RDR, CRR
U.S. District Court, Fifth Floor
401 Courthouse Square
Alexandria, VA 22314
(703)299-8595

(Pages 1 - 7)

COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

P R O C E E D I N G S

THE CLERK: Civil Action 17-726, American Chemical Society v. John Does 1 to 99, et al. Would counsel please note their appearances for the record.

MR. BURROWBRIDGE: Good morning, Your Honor. Adam Burrowbridge with Wilson Sonsini on behalf of Computer Communications -- Computer & Communications Industry Association, also known as CCIA.

THE COURT: Good morning.

MR. WILLEN: Good morning, Your Honor. I'm Brian Willen from Wilson Sonsini on behalf of proposed amicus CCIA.

THE COURT: Good morning.

MR. BARNES: Good morning, Your Honor. Attison Barnes on behalf of the plaintiff, American Chemical Society. With me today is David Weslow, who's been admitted pro hac vice in this case, and he will argue today.

THE COURT: I'm not going to need to hear much argument because I've read your papers. What's before the Court today is the third party's motion to have leave to file a amicus brief in this proceeding, and I've looked at the paperwork. I'm not going to grant that motion because, frankly, this is a straightforward matter between the ACS and a series of John Doe defendants who are in default.

The magistrate judge has issued a very comprehensive and appropriate report and recommendation, recommending that

the Court enter the requested injunction.

There has been a discussion -- I mean, obviously, I read your papers, and I understand the concerns that the third party has. However, as I think Mr. Barnes correctly argues, to some degree, you're raising premature concerns.

Many of the types of arguments you're making would be made in the context of a lawsuit if your -- any of the entities you represent were, in fact, brought in. There's no indication of anything that's pending against any of them at this time, and the federal rules do provide for injunctive relief in these types of cases.

Now, I understand that Mr. Barnes has conceded that if you're more comfortable with the exact language that's used in Rule 65, the plaintiff is not objecting to that change of the language, you know, the privity versus active concert; and I don't think that that's an inappropriate approach to this; but other than making that change to their proposed order, I think their order is appropriate in this situation.

And as I said and as he points out, I think, correctly, what you're basically arguing is the types of defenses that would be raised if one of your entities were, in fact, sued, but as you know, there's a great deal of concern these days about the degree of responsibility that some of these entities have in our new society that's becoming ever increasingly involved with electronic communications, and it's

an interesting issue that it came up at this particular time, but at this point, I think most likely, the people you-all represent are going to have to develop a different sense of responsibility, but that's for cases down the road. That's not this case because none of them have been sued in this case, all right?

So I considered your concerns, and you got some benefit to the extent that you want the language changed, and as I understand it, Mr. Barnes, you don't have a problem with the language shifting.

MR. BARNES: That's correct, Your Honor.

THE COURT: All right. So we'll go ahead and revise the, the proposed order to reflect the literal language of Rule 65.

MR. WILLEN: If I could just seek just a clarification on that point? So we, we agree and we think it does make sense to have the language reflect the active concert and participation standard rather than the in privity language, but the question is would we also keep in this language which is not in Rule 65 which makes reference to parties that are not before the Court?

So we have no objection to a provision of the injunction that simply says parties with notice of the injunction who are in active concert and participation with the defendants are bond. That's what Rule 65 provides.

If that's what we're talking about, we have no objection to that, but it wasn't clear to me from the concession that was made in their opposition whether that extended to this clause, which in our view is just completely gratuitous, that's in this proposed injunction, that in their view serves no purpose and in our view is impermissible.

THE COURT: Mr. Barnes, do you want to address that? I believe you're looking at the second-to-last paragraph on page 2, where it says, "ORDERED that any person or entity," now we would say "in active concert with," etc., "with Defendant Sci-Hub and with notice of the injunction, including any Internet search engines, Web hosting, and Internet service providers, domain name registrars," etc.

Is that the --

MR. WILLEN: That's the clause that we're focused on, exactly. And that's the only piece of the injunction that we have any concern about.

THE COURT: Well, again, it's -- the issue would be if the case went to trial and there were an Internet search engine that was shown to be actively in concert with that type of defendant, why should they not be responsible?

MR. WILLEN: I think they -- that would be perfectly fine, but the point is to have this clause in this order, where there's been no accusation, no evidence, no even argument that there are any such providers that are in active concert, seems

to prejudge that issue, and our only point is we should have an injunction that just follows Rule 65, and if at some point down the road they want to take these issues up, fine.

THE COURT: Well, the benefit, though, is to some degree, it puts people on clear notice. So, I mean, it means that a Web hosting or Internet service provider couldn't say: Well, we had no idea we might be dragged into this.

This says: No, no, no. You're within the class of potential people if you are in active concert; that's all.

And that to me means in that individual lawsuit, that entity is going to have to come in and explain or, you know, put on evidence to show that they were not in active participation. But I think -- I don't see a problem with this, but let me hear from the plaintiff.

MR. WESLOW: Your Honor --

THE COURT: Counsel, you can have a seat while he's speaking.

MR. WILLEN: Thank you, Your Honor.

MR. WESLOW: Your Honor, we would agree that the additional language actually provides further notice to any number of third-party service providers that we've listed. That was the intention in specifying the types of entities that might fall within the scope of the injunction, assuming, as the Court pointed out, they're in privity or with active concert or participation, if we substitute that language, but we would

agree that it's entirely appropriate to identify the types of nonparties who may come within the scope of this theoretically in the future.

THE COURT: Yeah, I think it makes good sense, and as I said, I don't think it puts the entities represented by the amicus in any more jeopardy than they might otherwise be in. So I'm going to go ahead over your objection, so technically, I didn't let you enter an opinion, but I considered your case and your arguments anyway.

But I'm going to go ahead and there may be one or two word changes in this proposed order, I have to go over it one more time, but we are definitely going to have to track it to the Rule 65 language in terms of the privity issue, all right?

Thank you.

MR. WILLEN: Thank you, Your Honor.

MR. WESLOW: Thank you, Your Honor.

(Which were all the proceedings had at this time.)

CERTIFICATE OF THE REPORTER

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

/s/

Anneliese J. Thomson