IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMERICAN CHEMICAL SOCIETY,<br><br>     Plaintiff,<br><br>v.<br><br>SCI-HUB d/b/a WWW.SCI-HUB.CC,<br>JOHN DOEs 1-99,<br><br>     Defendants. | No. 1:17-cv-00726-LMB-JFA |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND PERMANENT INJUNCTION**

Plaintiff American Chemical Society ("Plaintiff" or "ACS") by counsel, submits this memorandum in support of its motion to amend the permanent injunction that this Court issued on November 3, 2017 (ECF No. 33) to clarify certain entities that may be are subject to the injunction, and in support thereof states as follows:

**I.      INTRODUCTION**

On November 13, 2017, this Court issued an Order granting Plaintiff's Motion for Default Judgment and requiring, *inter alia*:

> that any person or entity in active concert or participation with Defendant Sci-Hub and with notice of the injunction, including any Internet Search engines, web hosting and Internet service providers, domain name registrars, and domain name registries, cease facilitating access to any or all domain names and websites through which Defendant Sci-Hub engages in unlawful access to, use, reproduction, and distribution of the ACS Marks or ACS's Copyrighted Works.

and that

> the domain name registries and/or registrars for Defendant Sci-Hub's domain names and websites, or their technical administrators, shall place the domain names on registryHold/serverHold or such other status to render the names/sires non-resolving.

ECF No. 33 at 2 (the "Permanent Injunction"). Since entry of this Order, numerous domain name registrars, domain name registries, Internet service providers, and technical service providers have complied with the Order's requirements and disabled domain names, websites, and services that Sci-Hub uses to engage in unlawful access to, use, reproduction, and distribution of the ACS Marks or ACS's Copyrighted Works. However, Plaintiff has been forced to engage in a game of "whac-a-mole" whereby new "sci-hub" domain names emerge. Further complicating matters, some registries, registrars, and Internet service providers have refused to disable newer Sci-Hub domain names that were not specifically identified in the Complaint or the injunction (because they were not known or in existence at the time).

ACS therefore seeks to amend the Permanent Injunction to make clear that the injunction extends to any domain name, website, or other service through which Defendant Sci-Hub engages in unlawful access to, use, reproduction, and distribution of the ACS Marks or ACS's Copyrighted Works, whether now or at some time in the future.

## II. FACTUAL BACKGROUND

In its First Amended Verified Complaint, ACS identified a number of domain names used by Defendant Sci-Hub to engage in unlawful access to, use, reproduction, and distribution of the ACS Marks or ACS's Copyrighted Works: sci-hub.cc, sci-hub.net, sci-hub.io, sci-hub.ac, and sci-hub.onion. ECF No. 4 ¶¶ 36 & 50. Since the Court issued its Permanent Injunction, ACS has been able to disable the sci-hub.cc, sci-hub.net, sci-hub.io, and sci-hub.ac domain names (and other domain names). ACS has also been able to disable certain mobile phone applications, content delivery network services, and browser extensions that provide direct access to the domain names and websites used by Defendant Sci-Hub to engage in unlawful access to, use, reproduction, and distribution of the ACS Marks or ACS's Copyrighted Works.

Nevertheless, Sci-Hub has reemerged using different domain names and websites to engage in its infringing activities. ACS is aware of the following domain names that Sci-Hub is currently using to engage in unlawful access to, use, reproduction, and distribution of the ACS Marks or ACS's Copyrighted Works: sci-hub.cf, sci-hub.cn, sci-hub.ga, sci-hub.gq, sci-hub.hk, sci-hub.is, sci-hub.la, sci-hub.name, sci-hub.nu, sci-hub.nz, sci-hub.tv, sci-hub.tw, and sci-hub.ws. True and accurate screenshots of the landing pages for each of these domain names are attached as Attachment 1 to the Declaration of David Weslow (Mar. 28, 2018), attached hereto as Exhibit A ("Weslow Decl."). True and accurate printouts of the Whois registration records for these domain names are attached to the Weslow Declaration as Attachment 2.

While ACS seeks to disable these identified domain names and websites as quickly as possible, ACS anticipates that as access to these domain names and websites is disabled, Defendant Sci-Hub will register additional domain names and websites to continue its blatent and intentional infringement of the ACS Marks and ACS Copyrighted Works.

### III. ARGUMENT

The Court should modify the Permanent Injunction to clarify that all domain names, websites, and other services used by Sci-Hub to engage in its infringing activity, including but not limited to those identified above, are subject to the Permanent Injunction, whether or not such domain names, websites, and other services were specifically named in the First Amended Complaint or the Permanent Injunction. A Court that issues an injunction retains continuing jurisdiction to modify it when such modification is necessary to advance principles of equity. *See Hudson v. Pittsylvania Cty., Va.*, 774 F.3d 231, 234 (4th Cir. 2014) ("The district court's ability to modify or terminate an injunction post-judgment simply expresses the inherent power ... possessed by courts of equity to modify or vacate their decrees as events may shape the need."). "The source of the power to modify is of course the fact that an injunction often

requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief." *Railway Employees v. Wright*, 364 U.S. 642, 647 (1961). Modification of an injunction is particularly appropriate where, as here, the defendant has acted to frustrate the purpose of the original injunction. *See Philip Morris USA, Inc. v. Otamedia Ltd.*, 331 F. Supp. 2d 228 (S.D.N.Y. 2004).

Here, Defendant Sci-Hub is attempting to frustrate the Permanent Injunction by transferring its infringing activities to new domain names, websites, and services. *See, e.g.*, *Oakley, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 13-cv-2958 (N.D. Ill. July 12, 2013) (amending injunction to cover newly discovered domain names used in sale of counterfeit and infringing goods); *The North Face Apparel Corp. v. Fujian Sharing Import & Export Ltd. Co.*, No. 10-cv-1630 (S.D.N.Y. Feb. 26, 2018) (amending permanent injunction to clarify "newly discovered domain names" subject to injunction). Although Plaintiff believes these new domain names, websites, and services fall within the scope of the Permanent Injunction, an amended injunction will provide clarity and reduce or avoid future disputes regarding the scope of the injunction.

## IV. CONCLUSION

For the foregoing reasons, ACS respectfully requests that the Court amend the Preliminary Injunction as set forth in the accompanying Proposed Order and grant such further relief as this Court deems proper.

Dated: March 28, 2018    By:    /s/ Attison L. Barnes. III /s/
                                Attison L. Barnes, III (VA Bar No. 30458)
                                David E. Weslow (*pro hac vice*)
                                WILEY REIN LLP
                                1776 K St. NW
                                Washington, DC 20006
                                (202) 719-7000 (phone)
                                abarnes@wileyrein.com
                                dweslow@wileyrein.com

                                *Counsel for Plaintiff*
                                *American Chemical Society*

## CERTIFICATE OF SERVICE

Because Defendant Sci-Hub is in default, service of the foregoing is not required. *See* Fed. R. Civ. P. 55(b)(2). Nevertheless, on March 28, 2018, I caused a copy to be sent to the following postal and email addresses associated with Defendant Sci-Hub and the domain names that are the subject of the instant motion:

Sci-Hub
c/o Alexandra Elbakyan
Teslenko, 275
Almaty 050014 (KZ)
sci-hub@tuta.io
bulletproofweb@gmail.com
sci-hub.org@gmail.com

Centrafrique T LD B.V.
Dot CF administrator
P.O. Box 11774
1001 GT Amster dam
Netherlands
copyright@freenom.com (sci-hub.cf)

Gabon TLD B.V.
P.O. Box 11774
1001 GT Amste rdam
Netherlands
copyright@freenom.com (sci-hub.ga)

Equatorial Guinea Domains B.V.
Dominio GQ administrator
P.O. Box 11774
1001 GT Amsterdam
Netherlands
copyright@freenom.com (sci-hub.gq)

1337 Services LLC
P.O. Box 590
Charlestown, KN 0000 (Saint Kitts and Nevis)
isnic@njal.la (sci-hub.is)
whois+sci-hub.nz@njal.la (sci-hub.nz)

19781002@qq.com (sci-hub.cn)

/s/ Attison L. Barnes, III /s/
Attison L. Barnes, III, Esq.
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wileyrein.com

*Counsel for Plaintiff*
*American Chemical Society*